FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 31 1997 CK

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 9:97CV 099 |
| ) | JUDGE ~~HANNAH~~ HEARTFIELD |
| CHEVRON USA, INC., and ) | |
| CHEVRON CORPORATION, ) | |
| ) | |
| Respondents. ) | |

PETITION FOR SUMMARY ENFORCEMENT
OF INSPECTOR GENERAL SUBPOENAS

Petitioner, the United States of America, by undersigned counsel, respectfully petitions this Court for an order requiring respondents, Chevron Corporation and Chevron USA, Inc. (collectively "Chevron"), to produce certain records and documents in compliance with Inspector General subpoenas duces tecum previously served on respondents.[1] This request is made pursuant to the Inspector General Act of 1978, 5 U.S.C. app. 3 § 6(a)(4) (1988). In support of this petition, the Court is respectfully referred to the United States' accompanying Memorandum and the attached Declaration of Special Agent A. Lee Roark ("Roark Declaration").

As the basis for its petition, the United States avers as follows:

---

[1] Although respondents are separate corporations, they have acted as a single entity in regards to the subpoenas. For example, respondents are represented by the same counsel, and the protective orders submitted by respondents' counsel refer to the respondents collectively as "Chevron."

000001

(Jurisdiction and Venue)

1. Subject matter jurisdiction is conferred on this Court by § 6(a)(4) of the Inspector General Act of 1978, as amended, 5 U.S.C. app. 3 § 6(a)(4) (1988), by 28 U.S.C. § 1331, and by 28 U.S.C. § 1345.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

(The Parties)

3. Petitioner is the United States of America.

4. Respondent Chevron Corporation is a for-profit corporation incorporated under the laws of the State of Delaware. Respondent Chevron USA, Inc., a for-profit corporation incorporated under the laws of the State of Pennsylvania, is a subsidiary of Chevron Corporation. Respondents are major producers of oil and gas in the United States, and both respondents reside and are duly qualified to conduct business in Texas.

(Issuance and Service of the Subpoenas; Authority Therefor)

5. On November 28, 1996, Wilma A. Lewis, the Inspector General of the United States Department of the Interior ("Interior" or "Department"), signed and issued a subpoena for records to Chevron Corporation and signed and issued a subpoena for records to Chevron U.S.A., Inc. The subpoenas were issued pursuant to the authority conferred upon the Inspector General by the Inspector General Act of 1978 (the "Act"), as amended, 5 U.S.C. app. 3 § 6(a)(4). That section provides:

> [E]ach Inspector General, in carrying out the provisions of this Act, is authorized * * * to require by subpena [sic] the production of all information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence necessary in the performance of the functions assigned by this Act, which subpena [sic], in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court.

6. Among the "functions assigned by" the Act to the Inspector General of the Department of the Interior, which the subpoena power may be used to support, are the following statutory duties and responsibilities:

    a. to prevent and detect fraud and abuse in the Department's programs and operations and to conduct investigations and audits designed to root out suspected fraud, waste and abuse. 5 U.S.C. app. 3 § 4(a)(1),(3).

    b. to help identify individuals or entities that are defrauding programs funded by the Department and to recommend appropriate sanctions. Id. § 4(a)(4)(B).

    c. to identify deficiencies in the administration of the Department's programs and to recommend corrective action. Id. § 4(a)(5).

    d. to report to the Attorney General any possible violation of federal criminal law discovered by the Inspector General. Id. § 4(d).

7. The subpoenas addressed to Chevron were issued in furtherance of the Inspector General's statutory duties. Respondents own numerous oil and gas leases on federal and Indian

lands. Under the provisions of those leases, and applicable law and regulations, respondents are obligated to pay to the United States royalties on the oil and gas produced from those leases. The Inspector General of the Department of the Interior, in conjunction with the Department of Justice, is currently investigating allegations that Chevron used a variety of schemes and arrangements to misrepresent and underpay royalties owed to the United States. As part of that investigation, the Inspector General issued the subpoenas that are the subject of this petition.

8. The subpoenas seek certain books and records of Chevron that relate to Chevron's payment of royalties to the United States for oil and gas produced on federal and Indian lands. The documents sought by the subpoenas fall into two general categories: (1) documents that will enable the Inspector General to trace the value received by Chevron for oil and gas produced on federal and Indian lands, and (2) documents relating to the policies and procedures used by Chevron to determine the amount of royalties paid to the United States for that production. A further description of the records sought by the subpoenas, together with an expanded explanation of the basis for their issuance, are contained in the Roark Declaration, which is attached to, and incorporated by reference into, this petition.

9. The subpoenas were personally served on December 4, 1996, by Special Agent Gregory J. Johnson of the Office of Inspector General. The subpoenas directed Chevron to produce the

requested documents on or before December 23, 1996. True and correct copies of the subpoenas and the return of service are attached as Attachment A to the Roark Declaration.

(Chevron's Refusal to Comply with the Subpoenas)

10. On December 16, 1996, the parties, through counsel, participated in a telephone conference to discuss Chevron's compliance with the subpoenas. Chevron expressed concern that producing the requested information would be burdensome, and sought clarification of the scope of the subpoenas. The parties agreed that Chevron would give priority to oil-related documents, and that Chevron could produce documents in stages. It was further agreed that, during the first stage of production, Chevron would provide (i) the Chart of Accounts, (ii) memos relating to the use of posted price for valuation determinations, (iii) materials previously produced in connection with MMS's investigation of royalty payments in California, and (iv) a list of contracts pertaining to Chevron's federal oil leases. Chevron expressed concern about the need for a confidentiality agreement, and advised that it would prepare and provide the Government with a draft agreement.

11. On January 31, 1997, the parties met, through counsel, to discuss further Chevron's compliance with the subpoenas. The Government advised that it had not received any documents from Chevron and inquired whether Chevron intended to comply. Chevron claimed that it wanted to comply but again complained about the scope of the subpoenas. The Government

reiterated its proposal that Chevron give priority to oil-related documents and that it produce documents in stages. The Government requested that Chevron produce initially the documents that it offered to provide during the December 16 telephone conference, and agreed to work with Chevron to develop a plan for selecting and reviewing sample leases and lease-related documents during subsequent stages of production. Chevron informed the Government that it would begin producing documents after a protective agreement was in place, and reiterated its promise to send the Government a proposed agreement. Government counsel furnished Chevron with a draft agreement and advised Chevron that the Government could not agree to substantive alterations to the draft.

12. On February 17, 1997, counsel for Chevron faxed to the Government a proposed Confidentiality and Protective Agreement. Chevron's proposed Agreement was inconsistent in numerous respects with the framework for a protective agreement discussed by the parties at the January 31, 1997 meeting. In particular, as explained more fully in the attached memorandum, Chevron's proposed Agreement unduly restricted the access of federal law enforcement and regulatory agencies to the requested documents.

13. Counsel for the United States advised Chevron that its proposal was unacceptable. Despite Chevron's representation that it would submit a revised protective agreement, a redraft submitted by Chevron on March 6, 1997 contained the same

000006

restrictions that Government counsel had previously advised were unacceptable.

14. Although the subpoenas were issued to Chevron more than three months ago, Chevron has not produced a single document.

(Relief Requested)

15. The subpoenas are fully authorized and in all other respects is proper and entitled to enforcement by this Court.

WHEREFORE, petitioner United States of America respectfully requests this Court to:

1. Order respondent Chevron Corporation to produce all documents and materials described in the subpoena issued to it before a duly authorized designee of the Inspector General of the Interior, at a time, date and place specified by the Court;

2. Order respondent Chevron U.S.A., Inc. to produce all documents and materials described in the subpoena issued to it before a duly authorized designee of the Inspector General of the Interior, at a time, date and place specified by the Court; and

3. Grant such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General

MIKE BRADFORD
United States Attorney

_____
O. KENNETH DODD
Assistant United States Attorney
Texas Bar No. 05931685
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701
Tel. (409) 839-2538
Fax. (409) 839-2557

_____
MICHAEL F. HERTZ
ALAN E. KLEINBURD
DODGE WELLS
JOEL HESCH
MICHAEL GRANSTON
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 307-0407

Dated: 3/28/97